# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID HALL CRUM,<br><br>    Plaintiff,<br><br>    v.<br><br>JESSIE K. LIU, U.S. Attorney,<br><br>    Defendant. | Civil Action No. 18-288 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff David Hall Crum brought this action against Jessie Liu, the U.S. Attorney for the District of Columbia. See ECF No. 1. As his initial Complaint never specified a particular claim or how he had been injured by any action of Liu or the U.S. Attorney's Office, the Court granted her motion to dismiss. See ECF No. 13. Giving a *pro se* Plaintiff the benefit of the doubt, however, the Court "allow[ed] Plaintiff to file an amended complaint, should he so choose, that sets out both his standing and a claim for which relief may be granted." Id. at 2. Crum accepted the invitation, but as his most recent effort is no more productive, the Court will grant Defendant's renewed Motion to Dismiss.

The Amended Complaint tosses out a number of unspecified and often-unconnected allegations: 1) Defendant (at some point) established that Plaintiff had a criminal history that was not legally substantiated; 2) She tried but did not succeed in incarcerating him; 3) She relied on an outdated D.C. statute; 4) She abused her power as to minorities; 5) Plaintiff sought justice "nearly" 20 years ago; and 6) He was penalized in 2002. See ECF No. 16 at 2-5. Perhaps Crum

1

is complaining of his incarceration in 2002 (or earlier), or he might even be claiming that such conviction is being used against him today.

Any of these inferences, however, is mere speculation since the Amended Complaint – as well as the Opposition to Defendant's latest Motion, see ECF No. 20 – offers no indication of what has actually happened to him. Indeed, since he notes that the Government was unsuccessful in trying to detain him perhaps via a purportedly incorrect criminal history, maybe he has not been injured at all. In any event, the Court has already generously provided Plaintiff another bite at the apple and explained in the prior Order that what was missing was an actual specific allegation of what caused him harm. At this point, without having demonstrated any actual injury, he has no standing to pursue his suit, nor has he sufficiently stated a claim on which relief could be granted.

The Government accurately adds that he cannot sue on behalf of other minorities, that he has not exhausted any claim under the Federal Tort Claims Act (if that is indeed his cause of action), and that no Bivens suit lies against Liu in her official capacity. The Court need not rely on any of these positions since Plaintiff's suit founders at the more basic level of his failure to set forth either an injury or a cause of action.

A separate Order will dismiss the matter without prejudice.

/s/
JAMES E. BOASBERG
United States District Judge

Date: July 3, 2018